IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERRY LEI VALMOJA,  )<br>                                )<br>          Plaintiff,    )<br>                                )<br>     vs.                       )<br>                                )<br>AKAL SECURITY, INC., MARK      )<br>MORRIS, DOE DEFENDANTS 1-50,   )<br>                                )<br>          Defendants.   )<br>_____ ) | CIVIL NO. 13-00343 LEK-BMK |

### ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND OF CASE

Before the Court is Plaintiff Sherry Lei Valmoja's ("Plaintiff") Motion for Remand of Case ("Motion"), filed on August 12, 2013.  [Dkt. no. 19.]  Defendant Akal Security, Inc. ("Akal") filed its memorandum in opposition on August 26, 2013, and Plaintiff filed her reply on August 30, 2013.  [Dkt. nos. 26, 27.]

This matter came on for hearing on September 16, 2013. Appearing on behalf of Plaintiff was Peter Hsieh, Esq., and appearing on behalf of Defendant was April Luria, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY GRANTED for the reasons set forth below.

### BACKGROUND

Plaintiff filed her Complaint in the instant action in state court on July 15, 2011.  [Notice of Removal, filed 7/12/13 (dkt. no. 1), Exh. A ("Complaint").]  Plaintiff did not

immediately serve the defendants.[1]  On June 21, 2013, the state court granted Plaintiff's Ex Parte Motion for First Extension of Time to Serve Complaint.  [Mem. in Supp. of Motion at 1 (citing Motion, Decl. of Peter C. Hsieh ("Hsieh Decl."), Exh. 3).]  Plaintiff served Akal on June 25, 2013, but has not been able to serve Morris.  [Id. at 2 (citing Hsieh Decl., Exh. 4).]  Akal filed its of Notice of Removal on July 12, 2013, based on federal question jurisdiction.  [Dkt. no. 1.]  Akal did not file an answer to the Complaint, but filed its Motion to Dismiss Complaint or in the Alternative Motion for Summary Judgment on July 18, 2013.  [Dkt. no. 5.]  On August 1, 2013, Plaintiff filed her First Amended Complaint.  [Dkt. no. 11.]

　　　According to the First Amended Complaint, in or around December 2005, Akal hired Plaintiff as a handler in the K9 Unit. On August 9, 2008, although Plaintiff and Tara Corse both requested replacement vehicles at the same time, only Corse received a replacement vehicle.  [First Amended Complaint at ¶¶ 7-8.]

　　　In or around November 2008, after Plaintiff had denied Morris's request for a hug, Morris grabbed and hugged Plaintiff, and then tried to kiss her.  Plaintiff told Morris not to touch her like that, and walked away as Morris laughed.  The First

---

[1] The Complaint names Akal and Mark Morris ("Morris") as defendants.  [Complaint at 1.]

Amended Complaint alleges that, from December 2008 through February 2009, Morris sexually harassed Plaintiff, and made unwelcome sexual comments and innuendos towards her. [Id. at ¶¶ 9-10.]

In or around December 2008, Kenneth Gaymon replaced Plaintiff after she was removed from a detail. Plaintiff complained to her supervisor, Ronnie Ome, that females were not receiving adequate training, and that the males were receiving more training. On March 10, 2009, Ome informed Gaymon that females had complained about not receiving enough training, and a heated argument transpired. [Id. at ¶¶ 11-13.] Gaymon then approached Plaintiff and accused her of starting the argument between him and Ome. Plaintiff alleges that "Gaymon was visibly upset and raised his voice and said that since we [the women] complained about training we would get training." [Id. at ¶ 14 (alteration in original).] Plaintiff then told Gaymon that he was creating a hostile work environment for her.

"On March 22, 2009, Gaymon sent an email stating that there would be new policies and procedures specifically for the females." [Id. at ¶ 15.] Plaintiff alleges that, although she made numerous and repeated complaints to her superiors regarding the harassment, Akal failed and/or refused to take appropriate corrective action. Thus, the harassment continued, and Plaintiff was subjected to retaliation and humiliation. [Id. at ¶¶ 16-18.]

3

The Complaint alleged the following causes of action: sexual harassment, in violation of Section 703 of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Civil Rights Act of 1991, and Haw. Rev. Stat. Chapters 368 and 378 ("Count I"); negligence ("Count II"); discrimination based on race and/or color, in violation of Title VII, 42 U.S.C. § 2000e-2, and Haw. Rev. Stat. Chapters 368 and 378 ("Count III"); vicarious liability of Akal (principal/agent) ("Count IV"); and negligent and/or intentional infliction of severe emotional distress ("Count V").  The Complaint sought:  general and special damages; punitive and/or exemplary damages; costs, pre-judgment and post-judgment interest; and any other legal or equitable relief the Court deems appropriate and necessary.

The First Amended Complaint alleges the following causes of action:  sexual harassment in violation of Haw. Rev. Stat. Chapters 368 and 378 ("Amended Count I"); negligence ("Amended Count II"); race/color discrimination, in violation of Haw. Rev. Stat. Chapters 368 and 378 ("Amended Count III"); various and/or agency liability ("Amended Count IV"); negligent and/or intentional infliction of severe emotional distress ("Amended Count V").  In addition to the relief sought by the Complaint, the First Amended Complaint also seeks back pay, front pay, and consequential damages.

Plaintiff seeks remand back to state court in light of the First Amended Complaint. Plaintiff asserts that the First Amended Complaint dropped all claims alleging Akal's violations of Title VII and the Civil Rights Act of 1991, and any other violations under federal law. Because the First Amended Complaint effectively erased the sole basis of Akal's removal, Plaintiff argues that, in the absence of any federal question, this district court lacks subject matter jurisdiction over the instant action. [Mem. in Supp. of Motion at 2-3.]

## **STANDARD**

Akal removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1446. [Notice of Removal at 2.] Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b).

> Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." Peabody Coal [Co. v. Navajo Nation], 373 F.3d [945,] 949 [(9th Cir. 2004)] (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated. Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011). Removal of an action from state court to federal court is proper under § 1441(a) as long as the plaintiff could have brought the action in federal court. A plaintiff may file a motion for remand to challenge the removal. 28 U.S.C. § 1447(c).

Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

### **DISCUSSION**

At the outset, the Court notes that Defendant's removal of the instant case to this district court was proper. Although

6

Counts I and III asserted claims based on state law, Counts I and III were also based on Title VII, the Civil Rights Act of 1991, and 42 U.S.C. § 2000e-2.  Thus, at the time of removal, the Court had original jurisdiction over Counts I and III, as well as the discretion to exercise supplemental jurisdiction over the Complaint's state law claims.  See 28 U.S.C. § 1367.

> Section 1367 provides, in pertinent part:
>
> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .
>
>     . . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>
>     . . . .

In Carnegie-Mellon University v. Cohill, the United States Supreme Court stated:

> [A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

484 U.S. 343, 357 (1988).

In Loewe v. City of Honolulu, this district court stated:

> "[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). Rather, the determination of whether to retain jurisdiction over these remaining state claims or remand them to state court is a discretionary one, and requires the court to consider the "values" of judicial economy, comity, convenience, and fairness. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, [349] (1988); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at [350] n.7.

No. CV 10-00368 DAE-KSC, 2011 WL 322557, at *4 (D. Hawai`i 2011) (some alterations in Loewe) (footnotes omitted) (granting the plaintiffs' motion for remand after the plaintiffs amended the complaint to delete the sole federal claim against the defendant,

and only state law claims remained); see also Salameh v. City of Honolulu, Civil No. 12-00073 LEK-KSC, 2012 WL 3062288, at *3 (D. Hawai`i July 26, 2012).

Circumstances have changed since the removal, and Plaintiff's First Amended Complaint deleted all federal law claims. This Court currently has only supplemental jurisdiction over Plaintiff's remaining state law claims. In deciding whether to retain jurisdiction over the state law claims of the First Amended Complaint, the Court must consider the following factors: judicial economy, comity, convenience, and fairness. See Loewe, 2011 WL 322557, at *4 (citing Carnegie-Mellon, 484 U.S. at 349).

The Court notes that considerations of judicial economy, specifically, weigh in favor of remand. Defendant only recently removed the action to this district court on July 12, 2013, and Plaintiff filed her First Amended Complaint shortly thereafter on August 1, 2013. Thus, the Court finds that significant federal resources have not yet been expended, and that the state court could efficiently adjudicate this case. See Loewe, 2011 WL 322557, at *4.

Defendant argues that federal jurisdiction may possibly still exist because Morris, whom Plaintiff has still not served, was no longer a Hawai`i citizen at the time Plaintiff filed the Complaint, and therefore jurisdiction based on diversity may exist. If so, Defendant submits that it would expend time and

9

money again to remove the case, and therefore judicial economy disfavors remand. At the hearing, Plaintiff represented to the Court that, as far as she knows, Morris continues to reside in Ewa Beach, Hawai`i. The possibility that diversity may exist is only slight, and does not amount to an issue of judicial economy that weighs in favor of the Court's retention of jurisdiction over this case.

Moreover, all of the claims in the original Complaint relied on state law. The Complaint alleged that Counts I and III were also based on federal law. [Complaint at ¶¶ 23, 30.] Plaintiff's First Amended Complaint, however, deleted the federal law bases originally alleged in Counts I and III. Counts and I and III are identical to Amended Counts I and III, except that the latter omits any reference to federal statutes. The First Amended Complaint alleges only state law claims, all of which the Hawai`i state court can properly adjudicate.

In short, judicial economy, comity, convenience, and fairness point weigh against the exercise of supplemental jurisdiction over Plaintiff's state law claims in the First Amended Complaint.

In addition to the four "values," the Court may also consider whether Plaintiff has engaged in tactics to manipulate the forum. In deciding whether to remand a case,

> [a] district court can consider whether the
> plaintiff has engaged in any manipulative tactics

> . . . . If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.

Carnegie-Mellon, 484 U.S. at 357. This district court has noted, however, that a plaintiff does not engage in manipulative behavior merely by eliminating federal claims from an amended complaint that were present in the original complaint. See Loewe, 2011 WL 322557, at *5.

> The Ninth Circuit has explicitly found that "[a] plaintiff is entitled to file both state and federal causes of action in state court" and after removal, "[t]he plaintiff is entitled to settle certain claims or dismiss them with leave of the court." . . . Such behavior is only considered manipulative if the plaintiff's initial inclusion of the federal claim was in bad faith or for the "sole purpose of putting defendants through the removal-remand procedure."

Id. (some alterations in Loewe) (quoting Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 & n.4 (9th Cir. 1955), *overruled on other grounds by*, Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), *as recognized in*, McKee v. Warner, No. CV-12-5112-CI-CI, 2013 WL 2124143 (E.D. Wash. April 19, 2013)). Pursuant to Loewe, the Court cannot conclude that Plaintiff's activities, while clearly tactical, were manipulative, done to manipulate the forum in bad faith, or done to cause unfairness to Defendant.

After careful consideration, the Court finds that the factors and objectives articulated above weigh in favor of remand

to Hawai`i state court.  The Court therefore GRANTS Plaintiff's Motion.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Remand of Case, filed August 12, 2013, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 24, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SHERRY LEI VALMOJA V. AKAL SECURITY, INC., ET AL.; CIVIL NO. 13-00343 LEK-BMK; ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND OF CASE**